# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CASE NO.** 25-40027-TC-RES

**MICHAEL STEVEN PODRYBAU,**

**Defendant.**

# SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

**COUNT 1**

**DISTRIBUTION OF OBSCENE VISUAL REPRESENTATION OF THE SEXUAL ABUSE OF CHILDREN [18 U.S.C. § 1466A(a)(1)]**

Between on or about the 1st day of March, 2023 and the 30th day of April, 2023, in the District of Kansas, the defendant,

**MICHAEL STEVEN PODYRBAU,**

did knowingly distribute a visual depiction of any kind, including a computer generated image, that is obscene and depicts a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and this visual depiction had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or was

produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

A violation of Title 18, United States Code, Section 1466A(a)(1) with reference to Title 18, United States Code, Section 1466A(d)(4).

## COUNT 2

**SEXUAL EXPLOITATION OF A MINOR –**
**POSSESSION OF CHILD SEXUAL ABUSE MATERIAL**
**[18 U.S.C. § 2252(a)(4)]**

On or about the 11th day of May, 2023, in the District of Kansas, the defendant,

**MICHAEL STEVEN PODYRBAU,**

did knowingly possess one (1) or more matters which contained any visual depiction of a minor, that involved prepubescent minors and minors who had not attained 12 years of age, that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, including by a computer, and was produced using materials which had been so mailed and shipped and transported, and the production of such visual depiction involved the use of minors engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and such visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(4)(B), with reference to Title 18, United States Code, Section 2252(b)(2).

## FORFEITURE NOTICE

1. The allegations contained in Counts 1 and 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 1467(a)(1) and 2253(a).

2. Upon conviction of one or more of the offenses set forth in Counts 1 and 2 the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 1467(a)(1) and 2253(a), any and all property used or intended to be used in any manner or part to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to:

A. Black 8GB generic microSD card with white USB card reader;

B. Black Apple iPhone A1387 EMC2430 -IMEI 990001B2472177 - serial number DX3JLFTDTCl;

C. Black LG lM-X420AS8 with IMEI 355825-10-069212-9 with serial number 98HUVT0023983;

D. Dark blue Motorola with IMEI (on tray) 353739480685623-XT2213-2;

E. Bluish silver Samsung tablet with serial number R9TR50E1QNJ;

F. Black Toshiba Qosmio laptop Qosmio X75-A7298 with serial number XD042109C;

G. SanDisk SDSSDA-240G 240GB SATA solid state drive with serial number 171646465408;

H. HGST 1W100821TB SATA hard drive with serial number WX41A68PZJRK;

I. Black generic desktop with SpiriTech power (homebuilt) with no printed model or serial number;

J. Silver SanDisk 64GB USB BN200357923W;

K. Crucial 256GB solid state drive CBNEXOE031with serial number 11490323E854;

L. Black PowerSpec model G511 desktop with serial number G51102012251667; and

M. Toshiba MQOlABD1OO 1 TB SATA hard drive with serial number Y7JJPT23T.

3. If any of the property described above, as a result of any act or omission of the defendant:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third party;

C. has been placed beyond the jurisdiction of the court;

D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

April 30, 2025
DATE

s/Foreperson
FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ Sara L. Walton
Sara L. Walton
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas 66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: sara.walton@usdoj.gov
Ks. S. Ct. No. 24106

IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

## PENALTIES

**Count 1: 18 U.S.C. § 1446A(a)(1)**

- Punishable by a term of imprisonment of not less than five (5) years and not to exceed twenty (20) years. 18 U.S.C. § 2252A(b)(1).
- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed forty (40) years. 18 U.S.C. § 2252(b)(1).
- A term of supervised release of not more than (5) years. 18 U.S.C. § 3583(b).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 2: 18 U.S.C. § 2252(a)(4)(B):**

- Punishable by a term of imprisonment not to exceed ten (10) years. 18 U.S.C. § 2252(b)(2).
- If the defendant is found to have possessed any matter that involved prepubescent minors or minors who have not attained 12 years of age, the offense is punishable by a term of imprisonment not to exceed twenty (20) years. 18 U.S.C. § 2252(b)(2).
- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).
- A child pornography assessment not to exceed $17,000. 18 U.S.C. § 2259A(a)(1).
- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).
- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment not less than ten (10) years and to exceed twenty (20) years. 18 U.S.C. § 2252(b)(2).
- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- Restitution. 18 U.S.C. § 2259(a).
- A child pornography assessment not to exceed $17,000. 18 U.S.C. § 2259A(a)(1).
- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).
- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.